```
                                                    FILED
                                         3rd JUDICIAL DISTRICT COURT
                                              Dona Ana County
STATE OF NEW MEXICO                           7/20/2021 1:35 PM
COUNTY OF DONA ANA                            DAVID S. BORUNDA
THIRD JUDICIAL DISTRICT COURT                 CLERK OF THE COURT
                                                 Rosie Stewart
```

DR. DEBADRITA PAL

    Plaintiff,

v.                                      D-307-CV-2021 D-307-CV-2021-01660

                                        Judge Jacquez, Richard M.

DIXIE LIVELY and
US EXPRESS INC.,

    Defendants.

## PLAINTIFF'S VERIFIED COMPLAINT FOR PERSONAL INJURY, NEGLIGENCE AND NEGLIGENCE PER SE

Comes now, Plaintiff Dr. Debadrita Pal, by and through counsel of record, Samuel I. Kane P.A., and in support of her Verified Complaint for Personal Injury, Negligence and Negligence Per Se states as follows:

### I.  BACKGROUND AND JURIDICTION

1. Plaintiff was a resident of Dona Ana County, New Mexico at time of accident.

2. Upon information and belief Defendants Dixie Lively ("Defendant Lively") is a resident of Gainesville, TX and US Xpress Inc. is headquartered in Chattanooga, TN.

3. Plaintiff's Complaint asserts her right to recover damages as the result of injuries she suffered from an accident which occurred on October 12, 2019, in the County of Dona Ana, New Mexico, Anthony, New Mexico.

4. This Court has jurisdiction as to Plaintiff's Complaint and venue is properly before this Court.

### II.  FACTUAL ALLEGATIONS

5. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-4 of this Complaint as though fully set forth herein.



6. The injuries and damages which are the basis of this action arise from a motor vehicle collision which occurred on October 12, 2019, at approximately 12:30 p.m. on I-10, in the City of Anthony, Dona Ana County, New Mexico, mile marker 162.

7. At the time and place of this collision, Plaintiff was traveling East on I-10 around mile marker 162 maintaining the right lane. Plaintiff was obeying all motor vehicle laws.

8. At the time and place of the collision, Defendant Lively was operating a semi-truck in the City of Anthony, Dona Ana County, New Mexico and was traveling East on I-10 in the left lane around mile marker 162. Defendant Lively abruptly decided to change lanes from the left lane to the right lane and crashed into Plaintiff's vehicle.

9. Defendant Lively failed to maintain a proper lookout and made an unlawful and negligent lane change directly into Plaintiff's vehicle.

10. Plaintiff was injured, and her vehicle was damaged as a result of Defendants negligent acts.

11. There was an eyewitness at the scene of the accident, who observed the entire accident and observed Defendant Lively abruptly change lanes and striking Plaintiff's vehicle.

12. At the conclusion of the officer's investigation, Defendant Lively was charged with failure to maintain traffic lane.

13. Upon information and belief Defendant Lively worked for Defendant US Express Inc. at the time of the accident.

14. Upon information and belief Defendant US Express Inc. owned the semi-truck driven by Defendant Lively.

### III. DAMAGES

15. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-14 of this Complaint as though fully set forth herein.

16. As a proximate result of Defendant Lively's negligence and negligence per se, Plaintiff suffered severe physical injuries, including, but not limited to physical injuries to her neck, back, knees, the left side of her body, and Cardiac irregularities. Plaintiff continues to suffer pain due to this accident.

17. In addition, as a proximate result of Defendants' negligence, Plaintiff also suffered severe psychological, emotional, and mental anguish, anxiety, and sleep disturbances.

18. Plaintiff suffered in the past, and will continue to suffer in the future, from the injuries she sustained on October 12, 2019, due to Defendants' negligence.

19. Defendants' negligence proximately caused Plaintiff's recoverable damages including, but not limited to, the following:

    a) Past and future reasonable and necessary medical expenses;
    b) Past physical and emotional pain and suffering and mental anguish;
    c) Past and future loss of enjoyment of life;
    d) Loss of household services; and
    e) Past and future impairment.

20. Plaintiff is entitled to recover from Defendant Lively compensatory damages in such amounts for all damages claimed, past, present, and future and all damages allowed by law and as determined by the fact finders in this case, as well as, any and all damages allowable under laws of the State of New Mexico determined appropriate by the Court.

### IV.    NEGLIGENCE AND NEGLIGENCE PER SE

21. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-20 of the Complaint as though fully set forth herein.

22. At all times relevant to the collision and injuries which are the basis of this Complaint, Defendant Lively owed the duty to exercise ordinary care to drive and control the vehicle she was driving, to ensure the safety of others traveling on the public roadways, including the Plaintiff herein.

23. Defendant Lively breached her duties to exercise ordinary care for the safety of others on public roadways, including for Plaintiff, in multiple ways, including without limitation:

   a) Negligent failure to maintain her lane;
   b) Negligent failure to maintain a proper lookout for Plaintiff's vehicle occupying the roadway to avoid the collision;
   c) Negligent failure to acquire, demonstrate, and maintain qualification, training, testing and experience necessary to safely operate a vehicle to avoid the collision;
   d) Negligent failure to maintain an adequate distance from other vehicles before making any lane change to avoid the collision;
   e) Negligent failure to take evasive action to avoid the collision; and
   f) Other negligence.

24. Defendants' negligence and negligence per se proximately caused Plaintiff's damages for her past and future medical expenses, pain and suffering, emotional distress and trauma, loss of enjoyment of life, impairment, disfigurement, and loss of household services.

**COUNT II: NEGLIGENT HIRING, TRAINING, SUPERVISION, AND ENTRUSTMENT**

25. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-24 of the Complaint as though fully set forth herein.

26. At all times relevant to the occurrence and injuries which are the basis of this Complaint, Defendant US Express Inc. owed a duty of ordinary care to assure its drivers were properly managed by all employees, representatives, or agents.

27. At all times relevant to the occurrence and injuries which are the basis of this

Complaint, Defendant US Express Inc. owed a duty of ordinary care to assure that all of its employees, representatives, or agents were properly hired and trained.

28. At all times relevant to the occurrence and injuries which are the basis of this Complaint, Defendant US Express Inc. is also vicariously liable for the negligent actions and omissions of its employees, representatives, and agents, arising within the course and scope of that employment, representation, and agency, under the doctrine of respondent superior.

29. Defendant US Express Inc. breached its duties of ordinary care owed to Plaintiff in multiple ways including the following:

a) Negligent failure to safely hire, train, supervise and educate their employees, representatives, or agents on ways to keep all fellow drivers and passengers safe while on public roadways;

b) Negligent failure to properly train or modify its training for US Express Inc. employees, representatives, or agents, including but not limited to matters related to the reasonable and appropriate use of their trucks;

c) Negligent failure to qualify and train their employees, representatives, or agents of how to develop, implement and exercise a road safety action plan that would prepare them to handle changing lanes while on the interstate;

d) Negligent failure to qualify and train their employees, representatives, or agents on specific thought and planning in order to assure emergency preparedness;

e) Negligent failure to train and qualify their employees, representatives, or agents on the safety of implementing and maneuvering changing lanes in high

  traffic areas;

 f) Negligent failure to qualify and train their employees, representatives, or agents to help identify emergency situations which could harm others on the roadways and;

 g) Negligent failure to qualify and train their employees, representatives, or agents to prevent accidents on roadways.

30. Plaintiff was injured as a direct and proximate result of the acts and omissions by Defendant US Express Inc., or its agents or representatives.

31. Defendants Lively and US Express Inc. negligence proximately caused Plaintiff to suffer personal injuries, including but not limited to, compensatory and special damages and in an amount to be determined by a jury.

32. Plaintiffs injuries establish rights as secured by the against Defendants and due to the negligence on behalf of its employees, representatives, or agents who were operating the semi-truck on October 12, 2019.

33. Plaintiff is also entitled to recovery of costs, including reasonable attorneys' fees, for the wrongful acts.

WHEREFORE, Plaintiff Pal seeks judgment against Defendants sufficient to compensate her for all her injuries, damages, and claims which were the direct and proximate cause of the negligence and negligence per se of Defendant Lively, together with pre and post judgment interest, for the costs of prosecuting this action, and for such other and further relief as this Court deems appropriate.

           Respectfully Submitted by:

           **LAW OFFICES OF SAMUEL I. KANE**

           */s/ Samuel I. Kane*

Samuel I. Kane
NM Bar #21790
1018 E. Amador
Las Cruces, NM 88001
(575) 526-5263; Fax: (575) 647-5264
Samuel@kane-injury.com

## **VERIFICATION**

STATE OF NEW MEXICO  )
                     )ss
COUNTY OF DONA ANA   )

Debadrita Pal, being first duly sworn upon oath, deposes and says:

That she is the Plaintiff in the above-entitled cause, that she has read over, knows and understands the contents of the foregoing Verified Complaint for Personal Injury, Negligence, and Negligence Per Se that the statements therein made are true and correct to the best of her knowledge.

_____
Debadrita Pal

Subscribed and sworn to before me this  20  day of July 2021, by Debadrita Pal.


_____
Notary Public